In the Matter of the Claim of PAULINE POSIK, Respondent, v. WILLIAM ISHERWOOD, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an employer and its insurance carrier from an award of death benefits in a heart case. Decedent, a plasterer's helper, collapsed and died on the job shortly after working with three other men in unloading from a trailer some 200 to 250 50-pound bags of material, each man carrying one bag at a time from the trailer to a hand truck. When the truck was loaded with about 50 bags, decedent assisted another workman in pushing the truck, as a third man pulled and guided it, to an elevator and, on reaching another level, pushed it the distance of a city block to the point where it was unloaded; the decedent and the other workers then returning with the empty hand truck to the trailer and repeating the unloading and moving processes. Five or six trips were made, in the course of but one hour and 15 minutes, at the conclusion of which decedent and the others stopped at a shanty for about 15 minutes and then, as they walked toward the next job site, decedent collapsed and died. In response to a hypothetical question to which no objection was made, claimant's medical witness testified that "due to the strenuous exertion * * * as narrated * * * in the hypothetical question, he sustained a state of coronary insufficiency which resulted in what we call an electrical death or physiological death, either by cardiac standstill or ventricular fibrillation. On autopsy there was no new infarction and in these cases it is not unusual not to find a new infarction. Both of these conditions are incompatible with life. They come on suddenly and the patient dies within a few minutes." The doctor replied in the affirmative to the question whether death was "due in part at least to the effort involved in the unloading of the 50-pound bags and pushing the railway cart one city block, from four to six times"; and, when asked on cross-examination whether decedent with his underlying condition could have died "at any time and any place", replied, "Yes, it is possible but it is speculative. He died at this time and this particular place." The board was, of course, warranted in accepting the witness' considered conclusion of causality rather than this "speculative" possibility that

appellants urge upon us. Awards have been sustained in a number of heart cases which involved exertion comparable in nature to the effort expended by this decedent and in many instances even less strenuous than his. (See, e.g., *Matter of Gioscia* v. *Workmen's Compensation Bd.*, 28 A D 2d 1067, mot. for lv. to app. den. 21 N Y 2d 641 [lifting file folders weighing 40–50 pounds]; *Matter of Colone* v. *Tavern on the Green*, 21 A D 2d 930, mot. for lv. to app. den. 14 N Y 2d 487 [lifting 50-pound trays]; *Matter of Schnitzer* v. *How-Sal Jewelers*, 30 A D 2d 1031 [carrying 25-30 pound gates]; *Matter of Geschwer* v. *Tee Jay Toys*, 15 A D 2d 615 [handling 40-50 pound case of toys]; *Matter of Kass* v. *Sixth Ave. Delicatessen*, 3 A D 2d 801 [carrying 35-pound case of beer].) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Gibson, P. J.